**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2423
_____

UNITED STATES OF AMERICA

v.

GARY E. MILLS,
                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-17-cr-00122-001)
District Judge:  Honorable Nora B. Fischer

Submitted Under Third Circuit L.A.R. 34.1(a)
July 15, 2022

BEFORE:  GREENAWAY, JR., MATEY, and NYGAARD, *Circuit Judges*

(Filed: July 22, 2022)

_____

OPINION[*]
_____

**NYGAARD**, *Circuit Judge.*

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

For years Gary Mills ("Mr. Mills") lived a lavish lifestyle well beyond his means, subsidized by what he claimed were the gambling winnings of his then-wife, Cynthia Mills. In actuality, the money Mr. Mills used to buy a yacht, a snowmobile, and other luxury goods all came from Cynthia Mills' scheme to embezzle millions from her employer—a scheme which Mr. Mills claims he neither knew of nor played part in. Despite his claimed ignorance, a jury ultimately found Mr. Mills guilty of three counts of filing a false tax return under 26 U.S.C. § 7206(1). Mr. Mills now appeals his conviction, raising two issues. First, he argues the District Court erred by excluding evidence of his cognitive deficiencies. Second, he contends there was insufficient evidence to support the jury's verdict. For the reasons that follow, we will affirm.

We review a District Court's evidentiary ruling for abuse of discretion. *United States v. Repak*, 852 F.3d 230, 240 (3d Cir. 2017). We exercise plenary review when reviewing a jury verdict for sufficiency of the evidence. *Id.* at 250. Though plenary, our review in sufficiency of the evidence challenges is highly deferential, and "we must consider the evidence in the light most favorable to the government and affirm the judgment if there is substantial evidence from which any rational trier of fact could find guilt beyond a reasonable doubt." *Id.*

As an initial matter, we do not believe the District Court abused its discretion in excluding evidence of Gary's cognitive deficiencies.[1] The District Court excluded Mr.

---

[1] Any error in failing to admit this evidence was also harmless. The jury was presented with other evidence of Mr. Mills' cognitive impairments, such as testimony from one of his longtime friends that Mr. Mills struggled academically. As such, it is highly probable

Mills' proffered expert testimony after finding it did not meet the admissibility requirements of Fed. R. Evid. 702 and because under Fed. R. Evid. 403 the prejudice and confusion its admission entailed outweighed its probative value. The District Court also excluded Gary's high school transcript under Fed. R. Evid. 403 believing it would confuse the jury. We agree with the District Court.

The reliability of the methods employed by Mr. Mills' expert were questionable, and thus the testimony was not admissible under Rule 702. The expert could not reach any conclusions as to Mills' cognitive function at the time he engaged in criminal acts to a reasonable degree of "neuropsychological certainty." App. 16. Moreover, the expert could not rule out that Mills' performance during the expert's examination process was the result of Mills' malingering.[2] The proffered testimony of Mr. Mills' expert also failed to satisfy the fit element of Rule 702. Mr. Mills offered this testimony to prove he was so cognitively deficient as to lack the *mens rea* needed to commit the crime of filing a false tax return, yet his defense was that he relied in good faith upon his accountants to prepare his joint tax returns. The expert testimony thus did not bear on any issue raised in Mr. Mills' defense. Additionally, the District Court correctly concluded the probative value of the expert's testimony was outweighed by the fact that admitting this evidence would

---

the exclusion of this evidence did not affect the result of Mr. Mills' trial. *United States v. DeMuro*, 677 F.3d 550, 557 (3d Cir. 2012).

[2] The expert also withdrew his opinion that Mr. Mills had significant limitations in his ability to understand complex financial information, which further impugned the reliability of the expert's methodology.

have derailed an already long trial and likely confused the jury by causing them to focus on issues not relevant to the case.

We similarly agree with the District Court's decision to exclude Mr. Mills' high school transcript. The transcript contains numerous "E" grades, the significance of which cannot be determined because Mr. Mills' high school is defunct. It also contained Otis-Lennon I.Q. scores, which even Mr. Mills' expert admitted were "not a way of actually measuring intelligence." SAppx. at 28. It was thus not an abuse of discretion for the District Court to exclude Mr. Mills' high school transcript under Rule 403, as its unexplained grading system and imprecise I.Q. scores rendered the transcript more confusing than probative.

Having concluded the District Court did not abuse its discretion in excluding evidence of Mr. Mills' cognitive impairments, we are left to determine whether the jury's verdict was supported by sufficient evidence. Our review of the record leaves no doubt that it was. The record shows Mr. Mills' spending far exceeded the amount of income he reported for the 2012, 2013, and 2014 tax years. In 2012, for example, he spent over 2.5 times the taxable income reported. In 2013 he spent nearly seven times the income reported on his taxes. Worse yet, in 2014 Mr. Mills spent over 16 times the taxable income amount reported on his joint return. Mr. Mills' extravagant spending alone was more than sufficient evidence for a reasonable juror to conclude he was willfully blind or knew the taxable income he reported was false, even if he did not know the source of said income, and that he acted willfully. A reasonable juror could also reach the same conclusion given Mr. Mills' knowledge of the Internal Revenue Service's criminal

4

investigation of the Millses' 2003-2007 joint tax returns. Moreover, the evidence of Mr. Mills' combined use of cash and checks to avoid triggering the $10,000 reporting requirement of the Bank Secrecy Act, 31 U.S.C. § 5313 *et seq*, could also lead a reasonable juror to conclude he acted willfully.

Mr. Mills nevertheless argues there is insufficient evidence to demonstrate he willfully submitted false information on the joint returns he filed, since he relied in good faith on the advice of the accountants who prepared his returns. To avail himself of this good faith defense, Mr. Mills needed to fully disclose all relevant facts to his accountants. *United States v. Oates*, 467 F.2d 129, 132 (3d Cir. 1972). He maintains he satisfied this disclosure requirement, as he reported all sources of income he knew of, which excluded his then-wife's embezzlement scheme. We are unconvinced. Mr. Mills did not need to report the source of his and Cynthia Mills' income; he needed to report its existence. As noted above, Mr. Mills knew based on his excessive spending there was a sizable amount of income he never disclosed to his accountants.

Mr. Mills now argues his spending could not have alerted him to the possibility he had failed to inform his accountants of all of his income, however, because his spending tracked his adjusted gross income and his accountants only informed him of his adjusted gross income. But this argument makes little sense. Mr. Mills had to disclose his and Cynthia Mills' income to his accountants before they could even calculate his adjusted gross income. Moreover, he knew that his then-wife's gambling losses were deductible, and that her losses were equal to her winnings, resulting in zero net income. Thus, even if his accountants only discussed the couple's adjusted gross income with Mr. Mills, he had

5

to have known—based on his spending in excess of his and Cynthia Mills' salaries—that he did not disclose all income to his accountants. Substantial evidence thus supports the jury's conclusion that Mr. Mills was guilty and could not avail himself of the good-faith defense.

In sum, we do not believe the District Court abused its discretion by excluding evidence of Mr. Mills' cognitive inabilities, nor can we say the jury's verdict is unsupported by substantial evidence. Accordingly, we will affirm.